(No. 75-CV-198—■■■■■■■■■■■)

LAUREL BETH MARMEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1975.*

LAUREL BETH MARMEL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 27, 1974, in a parking lot near 2237 N. Sheffield Avenue, Chicago, Illinois. Lauren Beth Mar-

mel, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill.Rev.Stat., 1973, Ch. 70, Sec. 71 et seq.* (hereafter referred to as "the Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Laurel Beth Marmel, age 22, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery" (*Ill.Rev.Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on April 27, the claimant was stabbed several times after having been propositioned by her assailant.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the victim was hospitalized from April 28, 1974, to May 5, 1974, and received treatment for injuries sustained in the stabbing. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant has not been identified or apprehended. The investigation of the case has been suspended by the Chicago Police Dept.

6. That there is no evidence that the victim and her assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and the claimant has fully cooperated with their requests for assistance.

8. That the victim's average monthly earnings for the 6 months immediately preceding her injuries was $700.00, but earnings of only $500.00 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in Sec. 4 of The Act:

". . . loss of support shall be determined on the basis of the victim is average monthly earnings for the 6 months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

That, based on this provision, the claimant's compensable losses due to a month of lost work days may be determined to total $500.00.

9. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1. | Hospital | $2,661.55 |
| 2. | Medical | 494.00 |
| 3. | Loss of Salary | 500.00 |

$3,655.55

10. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of The Act states that this Court—

"(d) shall deduct $200.00 plus the amount of benefits, payments, or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State, or Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000.00) Twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by

the claimant from other sources which must be deducted from her loss, as contemplated by Sec. 7(d) of the Act, were shown to be in the total sum of $3,060.62. This amount, plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant of $394.93.

It is hereby ordered that the sum of $394.93 be awarded to the claimant, Laurel Beth Marmel, as the innocent victim of a violent crime.